OPINION
On September 30, 1998, defendant-appellant, Tyrone Cox, Jr., was indicted on one count of assault, one count of resisting arrest, and one count of possession of marijuana in violation of R.C. 2903.13(A), 2921.33(B), and 2925.11(A) respectively. Appellant entered not guilty pleas to all three charges on October 8, 1998 and the case was set for trial in the Clermont County Court of Common Pleas for November 16, 1998.
On November 13, 1998, appellant, who had been appointed counsel as an indigent defendant, made an oral motion to appoint new counsel. A written motion to appoint new counsel dated November 12, 1998 was filed on November 17, 1998. The trial court denied appellant's motion on November 19, 1998.
On the morning of the trial, appellant withdrew his not guilty pleas and entered a plea of guilty to the charges of assault and resisting arrest. In exchange for these pleas, the state of Ohio agreed to dismiss the charge of possession of marijuana. Before accepting appellant's guilty pleas, the trial court, pursuant to Crim.R. 11, ascertained that appellant (1) understood the nature of the charges against him, (2) voluntarily and freely entered his guilty pleas, and (3) understood that pleading guilty would not only waive his constitutional and statutory rights, but could also affect his probationary status on a felony conviction and a pending DUI charge he had in another county. The trial court subsequently accepted appellant's guilty pleas, ordered a presentence investigation, and scheduled a sentencing hearing for December 9, 1998.
On December 9, 1998, prior to sentencing, appellant orally moved to withdraw his guilty pleas. A written motion was filed on December 11, 1998. The motion alleged that appellant was not guilty of the offenses and that he did not clearly understand the ramifications a conviction would have upon his probationary status. The trial court held a hearing on the motion on December 21, 1998. By decision filed the next day, the trial court denied appellant's motion to withdraw his guilty pleas. An entry denying appellant's motion was filed on January 5, 1999. Appellant was subsequently sentenced to a twelve-month prison term on the assault count and to a concurrent six-month prison term on the resisting arrest count. This timely appeal follows in which appellant raises two assignments of error.
In his first assignment of error, appellant argues the trial court abused its discretion in denying his motion to withdraw his guilty pleas. Appellant first contends that due to appointed counsel's failure to inquire as to appellant's pending DUI charge, as well as her failure to obtain (1) tapes of exculpatory 911 phone calls made by his girlfriend during his arrest, and (2) either the presence at trial or the statement of a witness to his arrest, appellant received ineffective assistance of counsel prior to pleading guilty. Appellant asserts that the tapes and the statement or testimony of the witness would have supported his position he did not resist arrest or assault an arresting police officer. Appellant also contends that his guilty pleas were not knowingly and intelligently made because he was not sufficiently informed by appointed counsel how his guilty pleas would affect his pending DUI charge and his probationary status on a felony conviction.
It is well-established that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." State v.Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. at paragraph one of the syllabus. "The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court."Id. at paragraph two of the syllabus. "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." Id. at 527.
We start with appellant's claim that his guilty pleas were not knowingly and intelligently made because he was not sufficiently informed by appointed counsel as to how his guilty pleas would affect his pending DUI charge and his probationary status on a felony conviction. Appellant's claim is not supported by the record.
During the hearing on appellant's motion to withdraw his guilty pleas, appointed counsel stated to the trial court that prior to appellant's pleas, she had spent some time talking with appellant about the ramifications that a conviction would have on his probationary status. In its decision denying the motion, the trial court found, and we agree, that appellant's "argument * * * [was] contradicted by the plain record of the plea hearing." The record shows that before the trial court accepted appellant's guilty pleas, appointed counsel stated to the trial court that appellant "does understand he has a felony charge [in Brown County] with a possibility, especially now, of a probation revocation that he'll have to handle." Thereafter, the trial court clearly and unequivocally asked appellant whether he understood that his guilty pleas and the resulting convictions could not only affect his pending DUI charge but also result in the revocation of his probationary status on his felony conviction and the reimposition of any sentence that could have then been imposed. Appellant replied that he did. The trial court also clearly and unequivocally asked appellant whether he understood that any sentence imposed in the instant case could be ordered to be served consecutive to any other sentence he either already had or might receive. Appellant replied that he did.
In light of the foregoing, we find no merit to appellant's claim that his guilty pleas were not knowingly and intelligently made because he was not sufficiently informed of the ramifications of pleading guilty.
We now turn to appellant's claim that his guilty pleas were the product of ineffective assistance of counsel. To prevail on this claim, appellant must show (1) that his counsel's performance was deficient; and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty.Xie, 62 Ohio St.3d at 524, quoting Hill v. Lockhart
(1985), 474 U.S. 52, 106 S.Ct. 366. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. State v.Smith (1985), 17 Ohio St.3d 98, 100. The defendant must also rebut the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. SeeState v. Bradley (1989), 42 Ohio St.3d 136.
Where a defendant (1) is represented by competent counsel, (2) is given a full hearing before entering the plea, and (3) is given a hearing on the motion to withdraw during which the trial court considers the defendant's arguments in support of the motion, the trial court does not abuse its discretion in denying the motion to withdraw the plea. State v. Peterseim (1980),68 Ohio App.2d 211, 214.
In the case at bar, appellant pled not guilty on October 8, 1998. Appellant waited until the first day of the trial, on November 16, 1998, to withdraw his not guilty pleas and plead guilty to assault and resisting arrest and, in exchange, the possession of marijuana charge was dismissed by the state. Appellant's motion to withdraw his guilty pleas was made on the day of the sentencing, three and one-half weeks after his guilty pleas were offered and accepted by the trial court.
After thoroughly reviewing the record, we find that the trial court committed no abuse of discretion in denying appellant's motion to withdraw his guilty pleas on the ground of ineffective assistance of counsel. The record shows that before his guilty pleas were accepted by the trial court, appellant was afforded a full hearing in compliance with Crim.R. 11(C)(2). The trial court engaged in a lengthy and thorough colloquy with appellant. Appellant told the trial court that his guilty pleas were freely entered and that they were not the result of any threats, promises, or inducements, that he understood the nature of the charges against him and the possible maximum sentences, that he understood that his guilty pleas were a complete admission of guilt, and that by pleading guilty, he was waiving all defenses as well as the constitutional rights enumerated in Crim.R. 11(C)(2)(c).
During this plea hearing, appellant also told the trial court that he understood he had "the right to present evidence in [his] favor at the trial and the right to have the Court compel the attendance in court of witnesses who would testify in [his] behalf." Appellant answered affirmatively that he had talked "[his] case over fully" with appointed counsel and that he had explained to her all the facts and circumstances which were pertinent to his case as he knew them to be. Appellant stated he had confidence in his appointed counsel's representation of him and that he believed her representation to be competent and diligent. Appellant also stated that he had gone over the contents of the written plea of guilty with appointed counsel and that she had discussed with him the pleas and the consequences of entering these pleas.
The record also shows that appellant was given a full hearing on his motion to withdraw his guilty pleas during which the trial court considered appellant's arguments in support of his motion. On cross-examination during that hearing, appellant alleged that his next door neighbor, who was a witness to his arrest, did not "show up" in court and that her written statements had been "ripped up by the police." Appellant also alleged that he was not provided with 911 phone calls and that appointed counsel had failed to investigate those 911 phone calls. Appellant stated he felt he should have been provided with whatever he had asked for. The state replied it had never been provided with any witness statement and denied destroying any evidence. Appointed counsel stated that she "believe[d] * * * I receive[d] discovery from [the state], and I reviewed it with the Defendant. I then got other information that he asked me to get. There were some things we were unable to get, but it did not appear to be relevant to the defense in this case."
The record shows that the trial court provided appellant with the opportunity to present any information that he may have had in support of his motion to withdraw his guilty pleas, and in particular with regard to his claim of ineffective assistance of counsel. The record also shows, however, that appellant provided no substantiation for any of the foregoing allegations other than his own self-serving, vague statements. "Appellant cannot meet his burden [under his claim of ineffective assistance of counsel] by making bare allegations which find no support in the record."State v. Adams, 1994 Ohio App. LEXIS 785, at * 18 (Mar. 3, 1994), Cuyahoga App. Nos. 64759 and 64760, unreported. We thus find that appellant's allegations fall far below the level necessary to constitute a reasonable and legitimate basis for the withdrawal of his guilty pleas.
In its decision denying appellant's motion to withdraw his guilty pleas, the trial court stated that
 In fact, the Defendant has offered no satisfactory explanation for the discrepancy in his position at the time of the plea hearing and his current position.
* * *
 With respect to [appellant's argument about the witness and her alleged written statement], * * * the Defendant has not explained why he did not at an earlier point in the proceedings, and more particularly, prior to changing his plea to guilty, raise the issue of the materiality of this evidence and the nonappearance of the witness. As a result, the court finds that this argument also is not well-taken.
* * *
 As to the allegation that trial counsel did not investigate certain 9-1-1 calls, the Defendant does not indicate what the 9-1-1 calls were, and other than his own self-serving statements, he has presented no evidence as to the 9-1-1 calls. He has made no showing as to how the Defendant's [sic] failure to investigate these 9-1-1 calls, even if true, rendered counsel's representation ineffective. Moreover, the Defendant has failed to assert that he obtained information as to these 9-1-1 calls subsequent to the time that he changed his plea to guilty. Therefore, the Defendant has failed to give a satisfactory explanation as to why he did not raise this issue before the court at the time of the plea hearing.
The foregoing, as well as a review of the hearing held on appellant's motion to withdraw his guilty pleas, reveals that the trial court simply did not find appellant's allegations to be credible. The trial court was not convinced that appellant's allegations justified vacation of the pleas. "We decline to second-guess the trial court's findings on this question. The trial court was in a better position to evaluate the motivations behind the guilty plea than is an appellate court which is only reviewing a record of the hearing. * * * We defer to the judgment of the trial court, because `the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court.'" Xie,62 Ohio St.3d at 525. We therefore find no merit to appellant's claim that his guilty pleas were the product of ineffective assistance of counsel.
In light of the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty pleas. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that it was an abuse of discretion for the trial court to deny his motion to appoint new counsel when there was a complete breakdown in communication between appellant and his appointed counsel, appointed counsel had failed to obtain tapes of exculpatory 911 phone calls made by his girlfriend during and after appellant's arrest, and appointed counsel had a friendly relationship with one of the arresting officers.
An indigent defendant has a right to competent counsel, not a right to counsel of his own choosing. State v. Blankenhip (1995),102 Ohio App.3d 534, 558, affirmed (1996), 74 Ohio St.3d 522. The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. Morris v. Slappy (1983), 461 U.S. 1, 13-14,103 S.Ct. 1610, 1617. Rather, an indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as an actual conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. Blankenship at 558.
Furthermore, to discharge a court-appointed attorney, the defendant must show "a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." State v. Coleman
(1988), 37 Ohio St.3d 286, paragraph four of the syllabus. In short, the conflict must be so severe that a denial of substitution of counsel would implicate a violation of the Sixth Amendment right to counsel. Blankenship at 558. In the absence of such a Sixth Amendment concern, the decision of a trial court to refuse substitution of counsel will be reversed only if the court has abused its discretion. State v. Pruitt (1984), 18 Ohio App.3d 50,57.
Appellant's motion to appoint new counsel alleged as grounds for the discharge of his appointed counsel her failure "to provide [him] the material [he had] requested to defend [himself]," and her alleged friendship with one of the arresting police officers. During a hearing on appellant's motion, the trial court questioned appellant as to the nature of his dissatisfaction. Appellant again referred to appointed counsel's alleged friendship with the officer. Appellant also stated that he felt his appointed counsel had not given him all of the evidence for which he had asked. Appellant did not specify what evidence he was speaking about.
Appointed counsel responded to appellant's allegations as follows:
 I believe I got him all of the discovery evidence that he asked me for. Apparently, his girlfriend made some phone calls to police officers after his arrest, and they told me they were made prior to the arrest, so, I didn't get any phone calls after his arrest. Other than knowing Deputy Decamp through my work as a public defender I don't know where he lives, I've never spent any time with him. I tried to relay information to my client with regards to the deputy's predisposition towards honesty and my thoughts about that, and I think my client didn't like my opinions, and that's fine. I don't have any problems with that. But, I don't know what he's talking about with regards to friends or associations. I'm not friends with Deputy Decamp.
When asked by the trial court whether he wished to say anything else on this issue, appellant replied negatively. Thereafter, the trial judge denied appellant's motion as follows:
 What you do have a right to is effective representation. In fact, [appointed counsel's] response to me indicates you were being provided effective representation, and you have not demonstrated to me there is any breakdown in the attorney/client relationship that would be of such nature of [sic] the Court should be in a position of removing [appointed counsel] and appointing someone else.
 In other words, the fact that you're dissatisfied with advice that your attorney gives you * * * does not indicate a breakdown of the attorney/client relationship, which is sufficient to entitle you to different counsel. And, therefore, I will deny your motion for appointment of new counsel. I will tell you, Mr. Cox, that * * * [appointed counsel] will — is a competent attorney. She will represent you, and she can represent you well if you cooperate with her.
After thoroughly reviewing the record, we find that the trial court did not abuse its discretion in denying appellant's motion to appoint new counsel. The trial court inquired as to the specifics of appellant's allegations and then obtained appointed counsel's response to those allegations. The trial court clearly found that appointed counsel was a competent attorney and that she could represent appellant well if he cooperated with her. Furthermore, the record contains no evidence that there was a breakdown between appellant and appointed counsel other than his own assertion that such breakdown existed. The differences between appellant and appointed counsel were not "of such magnitude as to jeopardize [appellant's] right to effective assistance of counsel." Coleman, 37 Ohio St.3d at paragraph four of the syllabus.
Based upon the record before us, we cannot say that the trial court's denial of appellant's motion to appoint new counsel was arbitrary, unreasonable, or unconscionable. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.